[Doppsubv] [District Order Prescribing Procedures in Ch. 11 SubV Case, Setting Deadline for Filing Plan, and Setting Status Conference]

ORDERED.

**Dated: March 17, 2025**

Tiffany P. Geyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Giovanni Martinez

       Debtor(s)*     /

Case No.
6:25−bk−01306−TPG
Chapter 11
Subchapter V

**ORDER PRESCRIBING PROCEDURES
IN CHAPTER 11 SUBCHAPTER V CASE, SCHEDULING STATUS CONFERENCE,
AND ESTABLISHING CONSEQUENCES FOR NON−COMPLIANCE**

THIS CASE, filed under Subchapter V of Chapter 11 of the United States Bankruptcy Code, came on for consideration by the Court of the entry of an appropriate order. Accordingly, it is

**ORDERED**:

1. <u>Compliance with Local Rule 2081−1.</u> Except to the extent modified herein, Debtor must comply with the requirements of Local Rule 2081−1 and must file a Case Management Summary within three days of the filing of the petition.

2. <u>Status Conference.</u> The Court will conduct the status conference required by 11 U.S.C. § 1188 on April 23, 2025, at 11:00 AM in Courtroom 6A, 6th Floor, George C. Young Courthouse, 400 West Washington Street, Orlando, FL 32801. In advance of the Status Conference, Debtor must file and serve the report required by 11 U.S.C. § 1188(c) detailing the efforts that Debtor has undertaken and will undertake to attain a consensual plan of reorganization. The Debtor's report must include the following information regarding:

    a. The Debtor's communications with the Subchapter V Trustee;

    b. The Debtor's communications with creditors; and

    c. Anticipated objections or impediments to consensual confirmation and a description of the issues.

3. Monthly Operating Reports. Until the earlier of confirmation of a plan or conversion or dismissal of the case, Debtor must file Monthly Operating Reports.[1] Under Local Rule 2081−1, Debtors must attach a Schedule of Receipts and Disbursements to the Monthly Operating Report.

4. Communication with Subchapter V Trustee. Debtor's counsel or, if Debtor is self−represented, Debtor, must contact the Subchapter V Trustee (the "Trustee") within five days of the date of this Order to discuss the Trustee's facilitation of the development of a consensual plan of reorganization. The Debtor is expected to communicate regularly and share information with the Subchapter V Trustee as is appropriate under the facts of the case.

5. Interim Trustee Compensation. Within 30 days of the petition date and continuing monthly thereafter, Debtor must remit to the Trustee interim compensation in the amount of $1,000.00. The amount of the interim compensation is subject to adjustment by the Court upon the request of any interested party and the Court's approval of the Trustee's fee application under 11 U.S.C. § 330. Debtor must include the Trustee's interim compensation in any proposed cash collateral budget.

6. **Failure to Comply. Debtor's failure to timely comply with this Order, including, but not limited to, failure to timely file complete Monthly Operating Reports or to pay Interim Trustee Compensation, is grounds for the Court to dismiss or convert the case to chapter 7 or for removal of the Debtor as debtor−in−possession.[2]**

7. Operation of Business. Debtor will continue in possession and control of its property and as debtor−in−possession may operate its business pursuant to 11 U.S.C. § 1184. Subject to the provisions of 11 U.S.C. § 363 regarding use of cash collateral,[3] Debtor is authorized to pay all necessary and current expenses of operating its business, including taxes incurred in the operation of the business or imposed on its property, to the extent that such payments are post−petition obligations and are necessary to preserve the assets or operate the business.

8. Debtor−in−Possession Bank Accounts. Consistent with 11 U.S.C. § 345, Debtor is authorized and directed to open and maintain debtor−in−possession bank accounts for the deposit, investment, and disbursement of monies of the estate. For 30 days from the date of this Order and subject to further Court order, pending the opening of such accounts, Debtor shall have access to its existing prepetition bank accounts for any and all purposes consistent with Paragraph 7 of this Order.

9. Insurance. Debtor must maintain insurance customary and appopriate to Debtor's industry.

10. Tax Returns. No later than 30 days from the date of service of this Order, Debtor must file with the appropriate agency any delinquent federal or state tax return for any tax period. Debtor must timely file all federal and state tax returns required to be filed after the commencement of this case and must timely pay all personal federal and state taxes that are due and payable after the commencement of this case. Debtor must maintain copies of all tax returns, reports, and proof of all payments and make these available upon request for inspection by any representative of the appropriate taxing agency, the United States Trustee, or any trustee appointed in this case.

11. Tax Deposits. Within three business days following the end of all pay periods, Debtor must make all tax deposits as required by the Internal Revenue Service and the State of Florida.

12. Plan Filing Deadline. Debtor must file a plan of reorganization that satisfies the requirements of 11 U.S.C. § 1190 on or before June 5, 2025.

Clerk's Office to Serve.

_____

[1] United States Trustee's Guidelines, ¶¶ 8 and 13. See also Fed. R. Bankr. P. 2015(a)(6) for Small Business Monthly Operating Reports, and Local Rule 2081−1(d).

[2] *See* 11 U.S.C. §§ 1112(b)(4)(E),(F),(H) and (K) and 1185(a).

[3] Debtor may not use cash collateral unless each entity that has an interest in such cash collateral consents or the Court has so authorized. *See* 11 U.S.C. § 363(c)(2) and Local Rule 2081−1(g)(1).

\* All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.